In the matter of the estate of HANNAH BOWDOIN, deceased.

[Submitted November Term, 1916.    Decided March 5th, 1917.]

On appeal from a decree of the prerogative court advised by Vice-Ordinary Backes, who filed the following opinion:

"The facts are fully set forth in the opinion of Judge Connolly, filed in the orphans court, and I concur in the conclusions arrived at by him.

"The indenture by which the appellant was bound to the deceased and her late husband, in 1866, by the American Female Guardian Society, was for a term of years only and expired by its own limitation. The form of the indenture is similar to the one found in *18 N. J. Eq. 285*. The language relating to adoption simply characterized the sentiment of the relation thereby created. *Wallace Estate, 218 Pa. St. 39.*

"Assuming that the society had authority under its charter to grant adoption of its wards, and also that the New York Adoption act of 1873 recognized and confirmed such adoptions, it is plain to be seen that the society did not execute the power, and, consequently, the indenture was not within the purview of the later legislation. Clearly, the provisions of the act were intended to embrace adoptions of a lasting nature only, and of such only those that were made by sanction of law.

87 N. J. Eq. In re Bowdoin's Estate.

"Furthermore, when the Adoption act was passed in 1873, the parties were domiciled in New Jersey and their status as fixed by the contract, viz.; that of master and apprentice, remained unaffected by the statute of New York. And, when the amendment to the Adoption act was enacted in 1887, adding the right of inheritance, the relation between the appellant and the deceased had long since been dissolved by expiration of time. Each had fully performed the terms of the indenture, and after the appellant had acknowledged in writing her satisfaction, called a release, she went her way. *Ross* v. *Ross, 129 Mass. 243,* is an instructive opinion by Chief-Justice Gray upon the principle that the heritable status of a person is fixed by the law of the domicile.

"Other questions raised on the argument and in the brief of respondent's counsel, concerning the disability of the deceased, a married woman, to join with her husband in the indenture; the sufficiency of its execution by the society; whether the contract was executed in New York or in this state, and others, are all subordinate to the view expressed in the opinion below and here entertained, and therefore have not been examined and are not passed upon.

"The decree below will be affirmed, with costs."

*Messrs. Vail & McLean,* for the appellant.

*Mr. William C. Webb, Mr. Adolph Ulbrich, Mr. Charles F. Edsall* and *Messrs. Vreeland & Wilson,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Ordinary Backes.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.

*For reversal*—None.